# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREAT SOUTHWESTERN CONSTRUCTION INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-14-1293-HE |
| ASPLUNDH BRUSH CONTROL COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Great Southwestern Construction Co. ("GSW") prevailed at trial, recovering a judgment in the amount of $281,000. It now seeks an award of attorneys' fees and expenses. The court held a hearing on plaintiff's motion on May 23, 2016, and heard expert testimony from both parties as well as the argument of counsel. Plaintiff seeks an award, including amounts up through and including the hearing, of $136,984 in attorneys' fees and $27,609 in litigation expenses over and above the amounts otherwise recovered as costs. The total sought by the present motion is $164,593.

The dispute in this case is over the application of the indemnity provisions in the subcontract between the parties. GSW established that it was entitled to be indemnified for amounts it paid to resolve its potential liability in certain state court cases. The specifics of the underlying state cases are set forth in other orders, or the submissions of the parties, and need not be repeated here.

The subcontract provides for the recovery of fees and expenses as follows:

12.7 Attorneys' fees. Contractor and Subcontractor agree that in the event a

dispute arises between the parties that necessitates the need for dispute resolution processes such as mediation, arbitration, or litigation, the non-prevailing party shall reimburse the prevailing party for all costs, expenses and attorneys' fees associated with the dispute in full or as directed by the authority figure overseeing the dispute resolution procedure(s).

It is undisputed that defendant Asplundh Brush Control Co. ("Asplundh") is, in general, the non-prevailing party in this litigation and that it owes GSW fees and expenses pursuant to this provision. The question is how much. Both parties acknowledge, with the limitations noted here, that a determination of reasonable fees is guided by State ex rel. Burk v. City of Oklahoma City, 598 P.2d 659 (Okla. 1979).[1] Burk generally requires the determination of a "lodestar" amount, reached by determining a reasonable hourly rate based on the standards of the legal community in which the services are rendered and multiplying that rate by the hours reasonably expended. The time expended must be supported by detailed time records. The amount thus determined may be adjusted up or down, depending on other factors identified in Burk.

The parties' submissions establish that the law firm for GSW negotiated a fee arrangement with its client which was based on an hourly rate, and it was paid on that basis. It is also undisputed that the fees which GSW seeks here are based on hourly rates higher than those actually billed to it by the firm. Further, it is undisputed that GSW paid its counsel in the underlying state cases on an hourly basis, using the same rates as were the

---

[1] *In cases based on diversity jurisdiction, the determination of attorney fees is a matter of state law. Burlington N. & Santa Fe Ry. Co. v. Public Service Co. of Okla., 636 F.3d 562, 571 (10th Cir. 2010).*

2

basis for the amounts actually charged and paid in this case. Asplundh objects to the higher hourly rates on the basis that the contract contemplates actual expenses and that, in any event, higher hourly rates here are not justified because this case is less complicated than the state cases.

The court concludes the fee language of the subcontract does not limit the prevailing party to the amounts actually paid in fees and expenses. The reference to "or as directed by the authority figure" injects a discretionary element into the formulation, which might conceivably warrant a fee recovery higher than the amounts actually paid. However, the court also concludes that there is no persuasive reason to do so here. The parties negotiated an hourly rate,[2] which presumably took into account the various factors which would otherwise define the relevant market for legal services and the factors bearing on their value. While the contract does not mandate the use of the hourly rate agreed on, and which was the basis for the payments made, it is nonetheless strong evidence of what was reasonable under the circumstances. The court concludes, considering all the expert testimony and related circumstances, that reasonable hourly rates for plaintiff's counsel are the rates actually charged for them in this case and in the underlying cases: Mr. Hughes, $180; Mr. Cartledge, $180; Ms. Pachucki, $140; and Mr. Calloway, $140.[3]

---

[2]*Plaintiff's counsel indicated at the hearing that some sort of contingent fee arrangement had been considered. However, what they ultimately agreed to was not a contingent fee arrangement or a mixed contingent/hourly arrangement. The agreement was for billing on an hourly basis.*

[3]*Mr. Calloway did not perform services in the state cases, but it appears the comparable amount for him would have been $140 per hour.*

Asplundh challenges on various grounds plaintiff's calculation of the time spent. It argues the time records employed "block billing" (the lumping together of multiple tasks with a single time amount, complicating a reasonableness determination as to particular tasks). While there are some entries in the billing records which arguably involve block billing, the court concludes they are not material here. The entries where multiple matters were handled in a single entry are relatively few and generally appear to be situations where the attorney worked continuously, for a significant period of time, on this case. While certain entries could have been broken out more specifically, there is also a potential concern that separately identifying particular tasks with great specificity, coupled with a minimum time increment, can result in more time being recorded than was actually spent. That concern, coupled with the court's conclusion that the overall amounts for the disputed entries do not appear to be unreasonable, leads to the conclusion that no reduction is warranted based on block billing issues.

The court does conclude, however, consistent with Ms. Timberlake's analysis, that a reduction of 2.8 hours is warranted based on the use of quarter hours, rather than tenths, as the basis for timekeeping and on a duplicate entry.

The court further concludes that the time spent by plaintiff's counsel on plaintiff's motion for partial summary judgment, involving the "potential liability" issue, should be excluded from the computation of a reasonable fee. Contrary to plaintiff's suggestion at the hearing, the court did not somehow adopt its view of "potential liability" by reason of the jury instructions given. Plaintiff's argument made in the motion for partial summary

4

judgment was to the effect that plaintiff only needed to show defendant "potentially" liable <u>here</u> in order to recover in <u>this</u> case. Doc. No. 48, at 11 ("Legal liability occurs 'where the indemnitor has notice of the claim and refuses to defend,' and the indemnitee proves that the indemnitor was 'potentially liable, as opposed to showing actual liability.'"). The court rejected that suggestion as a complete mis-reading of Oklahoma law. What the plaintiff was required to show here was that its settlement of the underlying state cases, for which it sought indemnification, was reasonable. And whether that settlement was reasonable depended, in part, on whether plaintiff could show it had potential liability to others which was resolved by the settlement. That is something quite different from what plaintiff argued here in its summary judgment motion. As its argument involved a relatively discrete issue and a significant amount of time spent, and as it plainly did not prevail on the issue, the court concludes the time attributable to that should be excluded from plaintiff's calculation. Per defendant's calculation, the court concludes that exclusion is 26.50 hours (Mr. Hughes, 18.5; Ms. Pachucki, 7.0; and Mr. Cartledge, 1.0).

Finally, defendant suggested at the hearing that plaintiff's counsel's time in this case is more substantial than it would have been if counsel had been more forthcoming at various times in the case. In particular, it argued that, at the mediation in this case, plaintiff sought to recover from Asplundh the full settlement amount paid to resolve the state cases, without disclosing that another party had paid a substantial portion of the amount. Defendant also argued that, in connection with the pending fee application, it would not even have known that plaintiff was seeking higher rates here than it actually used in billing its client if it had

5

not been for persistent inquiry and discovery here.

Plaintiff's conduct as to these items appears to place it roughly on the dividing line between "hiding the ball" and the outer limits of zealous advocacy. Based on the representations of counsel at the hearing, it appears that plaintiff's approach to the mediation was misleading. Plaintiff's counsel's explanation—that at some point he told the mediator about offsets or that, after the mediation, he disclosed the issue to defendant's counsel—does not excuse counsel's failure to be upfront and candid about the basis for the indemnification plaintiff sought and to do so in a timely way. A more candid disclosure might well have resulted in an agreed, and more efficient, resolution of this dispute. Any conclusion as to the impact of counsel's conduct on the progression of the case is, however, speculative. Further, the whole issue was raised only at the hearing and was not mentioned in defendant's objection to plaintiff's motion for fees, thus inhibiting a more complete explanation or justification of the basis for the conduct of plaintiff or its counsel. In these circumstances, the court concludes no adjustment to the fee request is warranted on this ground.

The court does, however, conclude that an adjustment is appropriate as to time spent on the fee application. If a party pursues reasonable attorneys' fees based on hourly rates, and represents that "the rates for the attorneys who worked on this case is as follows" [Doc. No. 104, at 3], a reasonable assumption by both the court and opposing counsel is that those rates are, in fact, the rates charged in the case at issue. If the rates actually charged to, and paid by, the client are different from those relied upon in the fee application, then simple candor requires that the difference be disclosed. Plaintiff did not do so here. Rather,

plaintiff's submissions in connection with the motion were misleading and required pursuit of the pertinent information by discovery and otherwise. In these circumstances, the court concludes the reimbursement sought for time spent since the judgment (i.e. in connection with the fees issue) should be reduced by twenty-four hours, roughly half of the amount sought for that period.

Applying these adjustments to the rates and hours upon which plaintiff's motion is based, the court concludes plaintiff should recover reasonable attorneys' fees based on this calculation:

| | | | |
|---|---|---|---|
| Mr. Hughes | 446.65 hours x $180 | = | $80,397 |
| Mr. Cartledge | 6.90 hours x $180 | = | $1,242 |
| Ms. Pachucki | 103.10 hours x $140 | = | $14,434 |
| Mr. Calloway | 18.35 hours x $140 | = | $2,569 |
| Paralegal | 13.60 hours x $75 | = | $1,020[4] |
| Total Fees | | | $99,962 |

In addition to these amounts, plaintiff originally sought $27,805.25 in expenses. It has since removed the charges for what defendant describes as the "celebratory dinner," reducing its request to $27,609.50. The court concludes a further adjustment of $564.63 is appropriate, so as to base the hotel charges on those for a thoroughly respectable hotel just across the road from the "gold standard" hotel at which plaintiffs actually stayed. The court

---

[4]*Defendant did not challenge the time or rate for the paralegal.*

concludes the other expenses sought are reasonable, for an adjusted expense recovery of $27,044.87.

Based on the foregoing, plaintiff's motion for attorneys' fees and expenses [Doc. No. 104] is **GRANTED** as follows: plaintiff shall recover the sum of $99,962 as its reasonable attorneys' fees and the $27,044.87 as expenses, for a total recovery for fees/expenses of $127,006.87.

**IT IS SO ORDERED**.

Dated this 25th day of May, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE